# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Ruben Castillo | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 00 C 7185 | **DATE** | 5/16/2002 |
| **CASE TITLE** | USA ex rel. Bruce Guyton vs. Jonathan R. Walls | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]

(2) ☐ Brief in support of motion due _____.

(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.

(4) ☐ Ruling/Hearing on _____ set for _____ at _____.

(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(7) ☐ Trial[set for/re-set for] on _____ at _____.

(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.

(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
☐ FRCP4(m) ☐ General Rule 21 ☐ FRCP41(a)(1) ☐ FRCP41(a)(2).

(10) ■ [Other docket entry] Enter Memorandum Opinion and Order. Petitioner's petition for a writ of habeas corpus is denied. Judgment is hereby entered in favor of the respondent and against the petitioner. This case is hereby dismissed with prejudice.

(11) ■ [For further detail see order attached to the original minute order.]

| | | | |
|---|---|---|---|
| | No notices required, advised in open court. | | **Document Number** |
| | No notices required. | number of notices | |
| | Notices mailed by judge's staff. | | 44 |
| | Notified counsel by telephone. | MAY 1 7 2002 date docketed | |
| ✓ | Docketing to mail notices. | | |
| ✓ | Mail AO 450 form. | docketing deputy initials | |
| | Copy to judge/magistrate judge. | date mailed notice | |
| RO | courtroom deputy's initials | | |

U.S. DISTRICT COURT
02 MAY 16 PM 3:29
Date/time received in central Clerk's Office | mailing deputy initials

# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
### EASTERN DIVISION

DOCKETED

MAY 1 7 2002

| | | |
|---|---|---|
| United States of America<br>*ex rel.* BRUCE GUYTON, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | **No. 00 C 7185** |
| v. | ) | |
| | ) | **Judge Ruben Castillo** |
| JONATHAN R. WALLS, | ) | |
| Warden, Menard Correctional Center, | ) | |
| | ) | |
| Respondent. | ) | |

## MEMORANDUM OPINION AND ORDER

Bruce Guyton petitions this Court for a writ of habeas corpus, pursuant to 28 U.S.C.

§ 2254, attacking his state court aggravated criminal sexual assault convictions and the resulting

sentences. In his petition, Guyton makes numerous claims including ineffective assistance of

trial, sentencing and appellate counsel, error and misconduct by the Chicago Police Department,

the State at trial and the trial court at sentencing, and a violation of *Apprendi v. New Jersey*, 530

U.S. 466 (2000). After painstaking review, we must deny Guyton's petition. (R. 1-1.)

## RELEVANT FACTS

When considering a habeas corpus petition, pursuant to the Antiterrorism and Effective

Death Penalty Act of 1996 ("AEDPA"), we presume that the factual determinations of the state

court are correct. 28 U.S.C. § 2254(e)(1). Guyton has the burden of rebutting that presumption

by clear and convincing evidence. *Id. See also Cossel v. Miller*, 229 F.3d 649, 651 (7th Cir.

2000). Accordingly, we adopt the facts as set forth by the Illinois Appellate Courts in *People v.*

*Guyton*, No. 1-95-2541 (Ill. App. Ct. Apr. 22, 1997); *People v. Guyton*, No. 1-98-0828

(consolidated with No. 1-98-3626) (Ill. App. Ct. Nov. 29, 1999); *People v. Guyton*, No. 1-98-

44

3626 (Ill. App. Ct. Dec. 30, 1999).

On July 16, 1993, M.M., a severely mentally and physically handicapped fourteen year-old girl suffering from cerebral palsy, was left by her mother in her uncle, Bruce Guyton's, apartment. In the early hours of July 17, 1993, M.M.'s family left Guyton's apartment, leaving him alone with M.M. At the time of the family's departure, there was nothing unusual about M.M.'s diaper or the manner in which it was fastened to her. Approximately forty to ninety minutes later, M.M.'s mother and stepfather returned home and knocked on the back door of Guyton's apartment to retrieve M.M. After a delay, Guyton answered the door wearing shorts with an open zipper and allegedly protested his innocence to a crime that had yet to be discovered. After gaining entry to the apartment, M.M.'s mother and stepfather found M.M. lying on the bedroom floor, her diaper in disarray and blood on her vagina and legs. Subsequent examinations and tests revealed the rupturing of M.M.'s vagina and anus as well as the presence of semen.[1] The testimony of Guyton's family members indicated that he was alone with M.M. at the time of the sexual assault.[2] Both the front and back doors of the apartment were locked and there was no evidence of a forced entry.

The trial court found Guyton guilty of twenty-four counts of criminal sexual assault in violation of 720 ILCS 5/12-13(a)(1) and (a)(2), six counts of aggravated criminal sexual assault

---

[1] Cecilia Doyle, Criminalist II for the Chicago Police Department, performed a genetic marker test – the phosphoglucomutase or "PGM" test – on a pair of boxer shorts and a pair of blue pants. The PGM test did not provide a conclusive physical link between Guyton and the sexual assault. Both the boxer shorts and the pants tested positive for the presence of blood, but neither yielded any PGM activity. Finally, a pair of blue shorts also tested positive for blood, but that sample was too small to test.

[2] Indeed, the Illinois Appellate Court found that "[b]y his own admission, defendant was alone with M.M. in the apartment." (R. 12, Resp't's Ex. B, Rule 23 Order No. 1-95-2541 at 3.)

in violation of 720 ILCS 5/12-14(a)(2) and (c), six counts of criminal sexual abuse in violation of 720 ILCS 5/12-15(a)(2), and ten counts of aggravated criminal sexual abuse in violation of 720 ILCS 5/12-16(c)(1) and (d). Guyton was sentenced to two consecutive forty-five year terms of imprisonment for aggravated criminal assault pursuant to 720 ILCS 5/12-14(c). The remaining counts were merged into that judgment of conviction.

Guyton appealed his conviction to the Illinois Appellate Court, arguing that: (1) the State failed to prove him guilty beyond a reasonable doubt; (2) the State failed to prove that Guyton committed the offense of aggravated criminal sexual assault under 720 ILCS 5/12-14(c) where no evidence was presented that M.M. was an "institutionalized severely or profoundly mentally retarded person;" (3) he was improperly convicted of multiple offenses carved from the same act; (4) the trial court improperly imposed an extended sentence; (5) he should be granted a new trial because the State's erroneous and prejudicial statements contributed to his conviction; and (6) his attorney rendered constitutionally ineffective assistance. On April 22, 1997, the Illinois Appellate Court affirmed the decision in part but vacated the two convictions on which Guyton was sentenced and remanded the case to the trial court with directions to conduct a new sentencing hearing on the remaining merged counts. *People v. Guyton*, No. 1-95-2541. On August 22, 1997, Guyton filed a motion to file a late petition for leave to appeal, which was denied by the Illinois Supreme Court on December 10, 1997.

On January 21, 1998, the trial court again sentenced Guyton to two consecutive terms of forty-five years imprisonment pursuant to 720 ILCS 5/12-14(a). Guyton appealed to the Illinois Appellate Court and argued that: (1) his attorney rendered constitutionally ineffective assistance at the sentencing proceeding; (2) the trial court failed to comply with the appellate court's

3

mandate and the applicable statute when it failed to conduct a sentencing hearing and failed to consider a presentence investigation report before sentencing Guyton; and (3) the mittimus must be amended to reflect the correct amount of credit for time served. Also, on June 9, 1998, Guyton filed a *pro se* post-conviction petition and raised the following issues: (1) illegal arrest and gathering of evidence; (2) ineffective assistance of counsel at pre-trial, trial and post-trial stages; (3) and the State's introduction of perjured testimony. On August 19, 1998, Guyton's post-conviction petition was dismissed because it was untimely filed and patently without merit.

Guyton appealed the dismissal of his post-conviction petition to the Illinois Appellate Court. He argued that the trial court erred when it summarily dismissed his *pro se* post-conviction petition because it raised a meritorious constitutional claim. In the petition, Guyton maintained that he was denied the effective assistance of counsel where his counsel waived DNA testing without Guyton's consent and that such tests would have exonerated him. Therefore, Guyton contended, the dismissal of the petition must be reversed and the case remanded. On May 3, 1999, the Illinois Appellate Court consolidated Guyton's appeals and on November 29, 1999, the appellate court affirmed and remanded with directions to correct the mittimus to reflect credit for time served between the date of arrest and the date of sentencing. *People v. Guyton*, No. 1-98-0828.[3]

On March 21, 2000, Guyton filed a petition for leave to appeal from the appellate court's

---

[3] On December 16, 1999, the consolidation of Guyton's cases was vacated. On December 20, 1999, in Guyton's second direct appeal, the appellate court again affirmed and remanded with directions to correct the mittimus to reflect credit for time served between the date of arrest and the date of sentencing. *People v. Guyton*, No. 1-98-0828. On December 30, 1999, the appellate court affirmed the dismissal of Guyton's post-conviction petition. *People v. Guyton*, No. 1-98-3626.

decision in his second direct appeal and argued that: (1) his attorney rendered constitutionally ineffective assistance at the sentencing proceeding; (2) the trial court failed to comply with the appellate court's mandate and the applicable statute; and (3) he was not awarded the proper sentence credit and the mittimus must be amended to reflect the proper amount of time served. On July 5, 2000, the Illinois Supreme Court denied Guyton's petition for leave to appeal.

On July 19, 2000, Guyton also filed a petition for leave to appeal the appellate court's decision in his post-conviction appeal and raised the following issues: (1) his trial and appellate attorneys rendered constitutionally ineffective assistance; (2) the State used perjured testimony; and (3) the Chicago Police Department manufactured and tampered with evidence gathered at Guyton's home without a search warrant and committed an act of perjury while on the witness stand. On September 1, 2000, the Illinois Supreme Court denied Guyton's leave to appeal.

On November 13, 2000, Guyton petitioned this Court for a writ of habeas corpus. In his *pro se* petition, Guyton raised the following issues: (1) ineffective assistance of trial counsel;[4] (2) ineffective assistance of counsel at sentencing; (3) ineffective assistance of appellate counsel; (4) the State used perjured testimony; (5) the Chicago Police Department committed multiple

_____

[4] Guyton's ineffective assistance of trial counsel claim has fourteen subparts: (a) failure to conduct investigation of any kind; (b) failure to contact and interview defense witnesses; (c) failure to investigate false and perjured testimony of state witnesses; (d) failure to adequately test the State's case; (e) failure to visit or interview Guyton before trial; (f) failure to pursue impeaching testimony; (g) failure to object to statements and evidence which should have been excluded; (h) waiving of DNA testing; (i) damaging Guyton's right to assert an affirmative defense; (j) lacking an understanding of basic legal principles; (k) failure to file a pre-trial motion to challenge Guyton's illegal arrest and to suppress all evidence illegally gathered without a warrant; (l) failure to properly and adequately prepare for trial; (m) failure to adequately investigate the relevant facts; and (n) failure to adequately protect Guyton by "filing a post-trial motion detailing all the ground for a new trial, and vacation of judgment, including the ineffective assistance of counsel." (R. 1-1, Pet. for Writ of Habeas Corpus, Argument 1 at 1-21.)

constitutional violations;[5] (6) the trial court improperly imposed an extended sentence; (7) the

prosecutor introduced and manipulated evidence of an unknown origin; (8) the State made

erroneous and prejudicial statements; (9) the trial evidence was insufficient to establish his guilt

for the crime of aggravated criminal sexual assault; (10) violation of the "one act-one crime"

rule; (11) Guyton was improperly convicted of multiple offenses carved from the same act;

(12) the trial court erred in summarily dismissing his post-conviction petition; and (13) his Fifth

and Fourteenth Amendment rights were violated when the trial court failed to comply with the

appellate court's mandate and applicable statute. (*See* R. 1-1.) Guyton also filed a motion to

amend in which he claims that the trial court improperly imposed a sentence of two consecutive

forty-five year terms of imprisonment in violation of *Apprendi*.

On May 15, 2001, the Court appointed counsel to represent Guyton, (R. 14), and on

November 13, 2001, his attorneys filed a response to Respondent's answer to his petition for a

writ of habeas corpus.[6] (R. 21-1.) Further extensive briefing accounts for the unfortunately long

---

[5] The violations that Guyton claims the Chicago Police Department committed include:
(1) manufacturing and tampering with evidence gathered at Guyton's home without a warrant;
(2) illegally arresting Guyton without a warrant; (3) entering his home without a warrant; and
(4) illegally gathering evidence. (*Id.*, Argument 4 at 1-8.)

[6] In this response, Guyton's Court-appointed counsel addressed Guyton's *Apprendi* claim
and the following ineffective assistance of trial counsel claims: (1) failure to conduct an adequate
investigation; (2) failure to adequately test the State's case; (3) failure to object to properly
excludable evidence; (4) failure to appreciate basic legal principles; (5) inexplicable waiver of
DNA testing which could have established Guyton's innocence; (6) failure to visit or consult
with Guyton at any time; and (7) failure to offer any meaningful representation at Guyton's
resentencing hearing. Thus, Guyton's counsel addressed only eight of Guyton's original thirty
claims in his habeas petition. Nevertheless, because we find that Guyton procedurally defaulted
all of his claims – except his claim of ineffective assistance of counsel at resentencing which will
be addressed herein – and because our careful review of the record reveals that the cumulative
effect of Guyton's trial counsel's performance did not "so undermine[] the proper functioning of
the adversarial process that the trial court cannot be relied on as having produced a just result,"

delay in our ruling in this case.[7] Today, regrettably for Guyton, we hold that because Guyton has

procedurally defaulted all of his ineffective assistance of trial counsel claims – as well as the

majority of his other claims – and that he has not made a sufficient showing of cause and

prejudice, *see Murray v. Carrier*, 477 U.S. 478, 488 (1986), nor shown that his case falls within

the "rare and extraordinary" fundamental miscarriage of justice exception, *see Schlup v. Delo*,

513 U.S. 298, 320-23, we cannot reach the merits of these claims. Moreover, we conclude that

Guyton's counsel at sentencing – while probably deficient – did not violate the standards for

effective counsel as set forth in *Strickland v. Washington*, 466 U.S. 668 (1984), and that

Guyton's *Apprendi* claim is both procedurally defaulted and meritless. Therefore, we must deny

Guyton's petition for a writ of habeas corpus as set forth herein.[8]

---

*see United States ex rel. Kleba v. McGinnis*, 796 F.2d 947, 958 (7th Cir. 1986) (citing *Crisp v. Duckworth*, 743 F.2d 580, 583 (7th Cir. 1984) (quoting *Strickland v. Washington*, 466 U.S. 668, 686 (1984))), we need not address each and every one of Guyton's claims.

[7] For example, Guyton filed *pro se* documents entitled, "motion by petitioner for each and every creditable argument to be heard before this honorable court," (R. 26-1), "ineffective assistance of counsel by petitioner," (R. 27), and "exhibits by petitioner," (R. 28). On December 7, 2001, we stated that Respondent *could* respond to Guyton's *pro se* documents because Guyton apparently did not properly serve Respondent. (R. 29.) Respondent has chosen not to discuss Guyton's *pro se* documents. (R. 32-1, Resp't's Reply at 4.)

[8] Guyton asserts – citing cases from the Eighth and Eleventh Circuits decided prior to and superseded by the enactment of the AEDPA – that he "is entitled, at a minimum, to an evidentiary hearing on his claim of ineffective assistance of counsel." (R. 21-1, Pet.'s Resp. at 33.) Section 2254(e) states that an evidentiary hearing shall only be granted when "the applicant shows that . . . the claim relies on . . . a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable; or . . . a factual predicate that could not have been previously discovered through the exercise of due diligence; and . . . the facts underlying the claim would be sufficient to establish by clear and convincing evidence that but for the constitutional error, no reasonable factfinder would have found the applicant guilty of the underlying offense." 28 U.S.C. § 2254(e)(2)(A)-(B). Because the Court finds that Guyton has not met any of the requirements of § 2254(e)(2), we cannot grant him an evidentiary hearing on his ineffective assistance of counsel claims. *See, e.g., United States ex*

## HABEAS CORPUS STANDARDS

Initially, a federal court cannot address the merits of a habeas corpus petition unless the

Illinois courts have first had a full and fair opportunity to review the petitioner's claims. *See,*

*e.g., Farrell v. Lane,* 939 F.2d 409, 410 (7th Cir. 1991). Illinois courts have had a full and fair

opportunity to consider the claims raised in a habeas petition if: (1) the petitioner has exhausted

all available state remedies (the exhaustion doctrine); and (2) the petitioner has raised all of his

claims during the course of the state proceedings (the procedural default doctrine). *See, e.g.,*

*Rodriguez v. Peters,* 63 F.3d 546, 555 (7th Cir. 1995). If the petitioner fails to overcome these

two procedural hurdles, the habeas petition is barred. *Id.*

The standard of review for claims that survive the exhaustion and procedural default

analysis is strict. Under the AEDPA, a federal court may not grant a prisoner's habeas corpus

petition unless the state court's adjudication of the claim either "resulted in a decision that was

contrary to, or involved an unreasonable application of, clearly established Federal law, as

determined by the Supreme Court of the United States" or "resulted in a decision that was based

on an unreasonable determination of the facts in light of the evidence presented in the State court

proceeding." 28 U.S.C. § 2254(d)(1)-(2). *See also Spreitzer v. Peters,* 114 F.3d 1435, 1442 (7th

Cir. 1997) (holding that a state court has reasonably applied Supreme Court caselaw if its

application is "at least minimally consistent with the facts and circumstances of the case"); *Hall*

*v. Washington,* 106 F.3d 742, 748-49 (7th Cir. 1997) (stating that, under this limited analysis, the

state court's decision must stand "if it is one of several equally plausible outcomes"). Having set

---

*rel. Smith v. Washington,* 992 F. Supp. 964, 968-69 (N.D. Ill. 1998) (holding that the petitioner
was not entitled to an evidentiary hearing).

forth the applicable legal standards for habeas corpus review, we now proceed to our analysis of Guyton's claims.

## ANALYSIS

### I. Procedurally Defaulted Claims

Initially, many of Guyton's claims are procedurally defaulted for purposes of federal habeas review because they were not fully and adequately presented to the state courts. *See O'Sullivan v. Boerckel*, 526 U.S. 838, 844 (1999); *Chambers v. McCaughtry*, 264 F.3d 732, 737-38 (7th Cir. 2001). Guyton's procedurally defaulted claims include the following issues which were never presented to the state courts: (1) ineffective assistance of trial counsel for failure to investigate false and perjured testimony of state witnesses; (2) that the Chicago Police Department entered Guyton's house without a warrant; (3) that the Chicago Police Department illegally gathered evidence; (4) that the State introduced and manipulated evidence of an unknown origin; (5) that his sentence was a violation of the "one act-one crime" rule; and (6) that he was improperly sentenced to two consecutive forty-five year terms in violation of *Apprendi*.[9]

The following claims are procedurally defaulted because they were presented in Guyton's post-conviction petition but not appealed to the Illinois Appellate Court: (1) ineffective assistance of counsel for failure to visit or interview Guyton before trial; (2) ineffective

---

[9] With respect to Guyton's *Apprendi* claim, the Illinois Supreme Court has unanimously held that *Apprendi* does not apply to consecutive sentences – such as Guyton's – under 730 ILCS 5/5-8-4(a). *See People v. Carney*, 752 N.E.2d 1137 (Ill. 2001) (concluding that *Apprendi* does not restrict the imposition of consecutive sentences as long as each individual sentence is within the unextended statutory range); *People v. Wagener*, 752 N.E.2d 430 (Ill. 2001). *See also* James H. Reddy, *A First Response to Apprendi: 2001 Illinois Supreme Court Criminal Law Survey*, Ill. B.J., May 2002, at 254 (collecting cases). Thus, even if Guyton's *Apprendi* claim was not procedurally defaulted, we would still be forced to conclude that it is without merit.

assistance of counsel for damaging Guyton's right to assert an affirmative defense; (3) ineffective assistance of counsel for failure to file a pretrial motion to challenge Guyton's illegal arrest and to suppress all evidence illegally gathered without a warrant; (4) ineffective assistance of counsel for failure to properly and adequately prepare for trial; (5) ineffective assistance of counsel for failure to adequately investigate the relevant facts; (6) ineffective assistance of counsel for failure to adequately protect Guyton by "filing a post-trial motion detailing the grounds for a new trial and vacation of judgment, including the ineffective assistance of counsel"; and (7) that the Chicago Police Department illegally arrested Guyton without a warrant.

The following claims are procedurally defaulted because they were raised in Guyton's direct appeal but were not presented to the Illinois Supreme Court because the Illinois Supreme Court denied Guyton's motion for leave to file a late petition for leave to appeal: (1) ineffective assistance of counsel for lacking an understanding of basic legal principles; (2) that the trial court improperly imposed an extended term sentence; (3) that the State made erroneous and prejudicial statements; (4) that the State did not prove Guyton guilty beyond a reasonable doubt; and (5) that Guyton was improperly convicted of multiple offenses carved from the same act.

The following claim is procedurally defaulted because it was not raised in Guyton's first direct appeal petition for leave to appeal nor was it raised in his appeal from the dismissal of his post-conviction petition: ineffective assistance of counsel for waiving DNA testing. It is most troubling to the Court that we cannot reach the merits of this claim because it is procedurally defaulted. In *Watkins v. Miller*, 92 F. Supp. 2d 824, 833-40 (S.D. Ind. 2000), the court held that the results of DNA testing – presented to the state courts in petitioner's post-conviction petition – proved that the petitioner was innocent of the crime. Consequently, the *Watkins* Court granted

the petitioner's writ of habeas corpus. In the instant case, however, the circumstantial evidence conclusively established that Guyton committed the crime of aggravated criminal sexual assault of his niece, M.M. Moreover, unlike in *Watkins* – where the exculpatory DNA evidence was presented to and rejected by the State courts – all we have here is Guyton's scant assertion that, had his counsel not waived DNA testing, he would have been proven innocent of the crime. As the Illinois Appellate Court explained:

> Initially we note that trial counsel did in fact concur with the testing of the blood and semen by electrophoresis. While the test actually conducted was a phosphoglucomutase or "PGM" test, there is nothing to indicate that defense counsel's consent to the faster electrophoresis test was somehow deficient. Trial counsel's ensuring that defendant receives a speedy trial is not ineffective assistance of counsel. Moreover, the result of the DNA test could have inculpated rather than exculpated defendant. Again, defendant's argument is based upon nothing more than self-serving conjecture. Accordingly, we fail to see how there exists a probability sufficient to undermine confidence in the outcome of the case.

(R. 12, Resp't's Ex. B, Rule 23 Order No. 1-95-2541 at 7.) Although we cannot reach the merits of this procedurally defaulted claim, we observe that counsel's choice – to either let the State's proof remain overwhelmingly circumstantial or risk a DNA test whose results might have provided strong direct evidence of Guyton's guilt – is easily understood as a strategic one, in which counsel elected not to risk bolstering the State's case. Therefore, while Guyton now argues that the DNA test would have established his innocence and, thus, that his case implicates a fundamental miscarriage of justice, we disagree as explained below. *See infra* pp. 15-17.

The following claim is procedurally defaulted because it was not raised in Guyton's first direct appeal petition for leave to appeal but was only raised for the first time in his post-conviction discretionary appeal: ineffective assistance for failure to pursue impeaching testimony. The following claim is procedurally defaulted because it was only raised in Guyton's

11

post-conviction petition appeal and was not presented to the Illinois Supreme Court: that the trial court erred in summarily dismissing Guyton's post-conviction petition. The following claims are procedurally defaulted because they were raised only in Guyton's post-conviction petition and post-conviction petition for leave to appeal but were not presented to the Illinois Appellate Court: (1) ineffective assistance of counsel for failure to conduct an investigation; (2) ineffective assistance of counsel for failure to object to statements and evidence; and (3) that the State used perjured testimony. Finally, the following claims are procedurally defaulted because they were raised only in Guyton's post-conviction petition for leave to appeal but were not presented to the Illinois Appellate Court: (1) ineffective assistance of counsel for failure to contact and interview defense witnesses; (2) ineffective assistance of counsel for failure to adequately test the State's case; (3) ineffective assistance of appellate counsel for failure to raise all issues that Guyton raised in his post-conviction petition;[10] and (4) that the Chicago Police Department manufactured and tampered with evidence gathered at Guyton's house without a warrant.[11]

Although Guyton does not appear to dispute that the above claims are technically procedurally defaulted, he argues that "it would be proper for this Court to consider each of the

---

[10] With respect to Guyton's claim of ineffective assistance of appellate counsel, it is unclear to the Court whether he ever presented this claim to the Illinois courts because Guyton's use of the phrase "original brief" may or may not refer to his post-conviction petition. Regardless, however, this claim is procedurally defaulted for the reasons stated above.

[11] Additionally, Guyton's claim of a violation of his Fifth and Fourteenth Amendment due process rights when the trial court did not comply with the mandate and the applicable statutes is noncognizable for purposes of federal habeas corpus review. *See Smith v. Phillips*, 455 U.S. 209, 221 (1982); *Jones v. Thieret*, 846 F.2d 457, 459 (7th Cir. 1988) (holding that claims that a state court erred in applying its own laws are noncognizable in habeas corpus proceedings). Similarly, we note that Guyton's claim that the trial court improperly imposed an extended term sentence – procedurally defaulted as explained above – also falls within the rubric of noncognizable claims.

ineffective assistance claims submitted by Petitioner herein on its merits . . . [because] [a]ll of these claims . . . are but facets of the single claim, and Petitioner has alleged at least one aspect of the ineffective assistance by Zaslavsky at every state court proceeding." (R. 21-1, Pet.'s Resp. at 9, 32 (citing *Williams v. Washington*, 59 F.3d 673, 682 (7th Cir. 1995) (stating that "a petitioner may demonstrate that the cumulative effect of counsel's individual acts or omissions was substantial enough to meet *Strickland*'s test").) Guyton also asserts that "'arguable factual commonality' exists among all of the ineffective assistance of counsel claims presented by Petitioner in the state courts and in his current Petition and that these claims must be considered in their totality."[12] (*Id.* at 9 (citing *Kenley v. Armontrout*, 937 F.2d 1298, 1303 (8th Cir. 1991).) Moreover, Guyton contends that there was adequate cause to excuse his failure to raise the majority of his claims in state court, as well as adequate prejudice resulting from the procedural default. Finally, Guyton urges this Court to consider the merits of his claims on the "independent basis . . . [that] to ignore Petitioner's claims on the grounds of procedural default would render a grave injustice against Petitioner." (*Id.* at 10 (citing *Schlup v. Delo*, 513 U.S. at 320-23).)

The Supreme Court has stated that the procedural default doctrine and its attendant

---

[12] With respect to Guyton's contentions that each of his ineffective assistance of counsel claims "are but facets of the single claim," and that "arguable factual commonality" exists among those claims, the Court disagrees. We simply cannot conclude that each of Guyton's fourteen factually and legally distinct ineffective assistance of trial counsel claims – all procedurally defaulted as described above – are facets of one claim, are factually common or that the cumulative effect of the claims is substantial enough to meet *Strickland*'s test. *See Chambers*, 264 F.3d at 737-38 (holding that "[t]he petitioner must have placed both the operative facts and the controlling legal principles before the state courts," and concluding that "[m]ere similarity of claims is insufficient to exhaust"). *See also supra* note 6. *Contra Anderson v. Groose*, 106 F.3d 242, 245 (8th Cir. 1997) (recognizing that related claims containing an "arguable factual commonality" may be reviewed) (citing *Kenley v. Armontrout*, 937 F.2d 1298, 1302-03 (8th Cir. 1991).

"cause and prejudice" standard are "grounded in concerns of comity and federalism." *Coleman v. Thompson*, 501 U.S. 722, 732 (1991) (holding that "a habeas petitioner who has failed to meet the State's procedural requirements for presenting his federal claims has deprived the state courts of an opportunity to address those claims in the first instance"). The doctrines apply alike whether the default in question occurred at trial, on appeal or on state collateral attack. *See Murray*, 477 U.S. at 490-92. As a result, federal courts require a prisoner to demonstrate cause for his state court default of any federal claim – and prejudice therefrom – before the federal habeas court will consider the merits of that claim. *Coleman*, 501 U.S. at 750. The one exception to that rule is where the habeas petitioner can demonstrate a sufficient probability that the federal court's failure to review his federal claim will result in a fundamental miscarriage of justice. *Id. See also Schlup*, 513 U.S. at 321 (holding that "[t]o ensure that the fundamental miscarriage of justice exception would remain 'rare' and would only be applied in the 'extraordinary case,' while at the same time ensuring that the exception would extend relief to those who were truly deserving, this Court explicitly tied the miscarriage of justice exception to the petitioner's innocence"). Finally, the Supreme Court has emphasized that "[t]o hold, as we do, that an ineffective-assistance-of-counsel claim asserted as cause for the procedural default of another claim can itself be procedurally defaulted is not to say that that procedural default may not *itself* be excused if the prisoner can satisfy the cause-and-prejudice standard with respect to *that* claim." *Edwards v. Carpenter*, 529 U.S. 446, 453 (2000) (emphasis in original).

First, because Guyton never presented his ineffective assistance of counsel as cause for a procedural default claim as an independent claim to the state courts either on direct appeal or in post-conviction proceedings, he may not now use this claim to establish cause for a procedural

default. *See Edwards*, 529 U.S. at 451-52 (maintaining that "ineffective assistance adequate to establish cause for the procedural default of some *other* constitutional claim is *itself* an independent constitutional claim," and the AEDPA "require[s] *that* constitutional claim, like others, to be first raised in state court") (emphasis in original). Moreover, Guyton has not shown that "some objective factor external to the defense impeded counsel's efforts to comply with the State procedural rule." *Murray*, 477 U.S. at 488. As a result, Guyton has procedurally defaulted his claims of ineffective assistance of counsel, and he has not established "cause and prejudice" sufficient to excuse his failure to present these claims to the state courts.

Second, after careful evaluation of the relevant facts with the assistance of the parties' extensive supplemental briefing, we conclude that Guyton's case does not fall within the "narrow class of cases . . . implicating a fundamental miscarriage of justice." *Schlup*, 513 U.S. at 314-15. Guyton's claim of innocence here, like that in *Schlup*, does not by itself provide a basis for relief. *See id.* at 315. Instead, as in *Schlup*, Guyton's claim for relief "depends critically on the validity of his *Strickland* . . . claims." *Id.* Thus, Guyton's claim of innocence is "not itself a constitutional claim, but instead a gateway through which a habeas petitioner must pass to have his otherwise barred constitutional claim considered on its merits." *Id.* at 316 (holding that without new evidence of innocence, even a meritorious constitutional claim is not sufficient to allow a habeas court to reach the merits of a procedurally defaulted claim). Guyton is basically presenting his defaulted ineffective assistance of counsel claims as "a fundamental miscarriage of justice" to obtain review of the same defaulted ineffective assistance claims. While we recognize the grave consequences of our procedural default determination and we acknowledge that Guyton's counsel, Mr. Zaslavsky, was far from perfect, we are constrained by the Supreme

Court's mandate in *Schlup*. *See id.* at 327 (stating that "[t]o establish the requisite probability [that a constitutional violation has probably resulted in the conviction of one who is actually innocent], the petitioner must show that it is more likely than not that no reasonable juror would have convicted him in the light of the new evidence").

Though we would like to reach the merits of Guyton's claims, specifically his claim of ineffective assistance of trial counsel for waiving DNA testing, we cannot do so because this is not the "truly extraordinary" case where the habeas petitioner, Guyton, can show that "a constitutional violation has probably resulted in the conviction of one who is actually innocent." *Id.* at 327. Rather, all Guyton can allege – like so many other habeas petitioners before him – is that "no reasonable trier of fact would have convicted him had the proper genetic evidence and witness testimony not been kept out of evidence by Zaslavsky's errors." (R. 33-1, Pet'r's Reply at 2.) *Cf. Watkins*, 92 F. Supp. 2d at 833-40 (holding that petitioner's case implicated a fundamental miscarriage of justice where the State courts considered and rejected the results of DNA testing which proved that petitioner was innocent of the crime). This bare assertion – totally dependent on the probability that test results would have been favorable – is simply not enough to satisfy the *Schlup* Court's "new evidence" and "actual innocence" requirements, when it is weighed against all of the evidence and witness testimony in the record which circumstantially established beyond a reasonable doubt that Guyton committed aggravated criminal sexual assault of his niece, M.M. *See, e.g., Jackson v. Va.*, 443 U.S. 307, 319 (1979). Therefore, we conclude that Guyton has procedurally defaulted all of the above claims, that he has not established adequate cause and actual prejudice and that his case is not so "extraordinary" as to implicate the fundamental miscarriage of justice exception. We now proceed to our

16

analysis of Guyton's only properly preserved claim.

## II. Ineffective Assistance of Counsel at Resentencing

Guyton claims that his counsel, Mr. Zaslavsky, failed to offer any meaningful representation at his resentencing hearing. On April 22, 1997, the Illinois Appellate Court affirmed in part the decision of the trial court, which sentenced Guyton to two consecutive forty-five year terms of imprisonment for aggravated criminal assault pursuant to 720 ILCS 5/12-14(c), but vacated the two convictions on which Guyton was sentenced and remanded the case to the trial court for the limited purpose of conducting a new sentencing hearing on the remaining merged counts. *People v. Guyton*, No. 1-95-2541. On January 21, 1998, the trial court again sentenced Guyton to two consecutive terms of forty-five years imprisonment pursuant to 720 ILCS 5/12-14(a).[13] Guyton argues that "[b]efore the court proceeded to re-impose exactly the exact same sentence on Petitioner, defense counsel did not request a presentence investigation report, did not offer any mitigating evidence and did not propose any sentencing alternative. Such conduct rendered the sentencing hearing meaningless and resulted in a breakdown of the adversarial process at Petitioner's resentencing." (R. 21-1, Pet.'s Resp. at 23-24.)

The seminal case for assessing claims of ineffective assistance of counsel is *Strickland v.*

---

[13] 720 ILCS 5/12-14(a) is the general subsection involving criminal sexual assault with aggravating circumstances. Section 5/12-14(c) is the specific subsection involving "an act of sexual penetration with a victim who was a severely or profoundly mentally retarded person at the time the act was committed." 720 ILCS 5/12-14(c) The Illinois Appellate Court vacated counts one and four of Guyton's conviction, which involved alleged violations of 720 ILCS 12-14(c), because "no evidence was entered at trial by the State to demonstrate that M.M. was institutionalized, severely or profoundly mentally retarded." (R. 12, Resp't's Ex. B, Rule 23 Order No. 1-95-2541 at 4.)

Washington, 466 U.S. 668 (1984).[14]  To state a valid claim under *Strickland*, Guyton must

establish that: (1) his counsel's performance was objectively unreasonable; and (2) but for his

counsel's deficient representation, the outcome would have been different. *Id.* at 687-88. "Both

components are necessary; the lack of either is fatal." *Eddmonds v. Peters*, 93 F.3d 1307, 1313

(7th Cir. 1996). Moreover, there is a strong presumption that a criminal defendant's counsel

rendered assistance falling within an objective standard of reasonableness. *Mason v. Godinez*, 47

F.3d 852, 855 (7th Cir. 1995).

Applying the *Strickland* standard, *see supra* note 11, to Guyton's claim of ineffective

assistance of counsel at resentencing, we hold that the Illinois Appellate Court's rejection of

Guyton's claim[15] was not "contrary to, or involved an unreasonable application of, clearly

---

[14] Guyton, however, urges the Court to apply the standard of ineffective assistance of
counsel set forth in *United States v. Cronic*, 466 U.S. 648 (1984), rather than the *Strickland*
standard for ineffectiveness. *Cronic* holds that, under certain circumstances, "if counsel entirely
fails to subject the prosecution's case to meaningful adversarial testing," then prejudice is
presumed. *See Cronic*, 466 U.S. at 659. In addressing Guyton's claim that Mr. Zaslavsky was
ineffective at his resentencing, the Illinois Appellate Court stated that "[a]pplying *Strickland* to
the instant case, we reject defendant's ineffective assistance claim because these alleged
deficiencies did not result in prejudice to defendant." (R. 12, Resp't's Ex. H, Rule 23 Order No.
1-98-0828 at 3.) Similarly, we reject Guyton's claim because Guyton was simply being
resentenced on fifty-four of fifty-six counts, "several [of which] are considered Class X felonies
which have substantially similar, if not identical, sentencing guidelines as the two counts vacated
by this [state appellate] court." (*Id.*) Moreover, Guyton's argument that counsel's performance
was deficient by not offering any mitigation evidence ignores the fact that the State did not offer
anything in aggravation. (*See* R. 21-1, Pet.'s Resp., Compendium of Excerpts, Resentencing at
1-20.) *Cf. Patrasso v. Nelson*, 121 F.3d 297, 304-05 (7th 1997) (finding that counsel "effectively
abandoned his client at sentencing" where "he made no effort to contradict the prosecution's case
or to seek out mitigating factors"). Therefore, we apply the prevailing *Strickland* standard to
Guyton's claim of ineffective assistance of counsel at resentencing.

[15] Specifically, the Illinois Appellate Court stated that:
Applying *Strickland* to the instant case, we reject defendant's ineffective assistance claim
because these alleged deficiencies did not result in prejudice to defendant. Defendant was
originally convicted on 56 counts of an indictment; 54 of which were affirmed by this court. Of

18

established Federal law . . . ." 28 U.S.C. § 2254(d). Nor was the Illinois Appellate Court's decision "based on an unreasonable determination of the facts in light of the evidence presented in the State court proceedings." *Id.* As the Illinois Appellate Court noted, the hearing was merely a resentencing on fifty-four of fifty-six counts, with "similar, if not identical, sentencing guidelines as the two counts vacated by this court." (R. 12, Resp't's Ex. H, Rule 23 Order No. 1-98-0828 at 3.) Moreover, Guyton's argument that counsel's performance was deficient by not presenting mitigation evidence ignores the fact that the State did not offer anything in aggravation. *Cf. United States ex rel. Clemons v. Walls*, No. 01 C 4597, 2002 WL 832577, at *9-11 (N.D. Ill. May 2, 2002) (holding that counsel's "failure to exert any efforts on Petitioner's behalf" constituted ineffective assistance of counsel at sentencing); *United States ex rel. Madej v. Gilmore*, No. 98 C 1866, 2002 WL 370222, at *6 (N.D. Ill. Mar. 8, 2002) (same). Thus, while we agree with Guyton that Mr. Zaslavsky should have made "some token effort" on behalf of his client, (*see* R. 21-1, Pet'r's Resp. at 28), we conclude that – under these specific circumstances involving merely a resentencing on fifty-four of fifty-six counts with nearly identical sentencing guidelines – the Illinois Appellate Court's decision rejecting Guyton's claim of ineffective assistance of counsel at resentencing was not unreasonable. Consequently, Guyton is not entitled

---

the remaining 54 counts upon which defendant may be sentenced, several are considered Class X felonies which have substantially similar, if not identical, sentencing guidelines as the two counts vacated by this court. Clearly, the sentence was well within the statutory guidelines for the crimes committed.

Additionally, defendant alleges that he was prejudiced by counsel's substandard performance but he does not indicate how that prejudice manifested itself. He does not point specifically to even one alternative possibility to the outcome of this sentencing hearing nor does he indicate what evidence should have been presented which counsel failed through his inadequate performance to tender. Consequently, we reject defendant's argument that he was denied his right to effective assistance of counsel.

(R. 12, Resp't's Ex. H, Rule 23 Order No. 1-98-0828 at 3-4.)

to relief on this claim.

## CONCLUSION

Unfortunately for Petitioner Bruce Guyton, because of the complex and difficult procedural rules adopted by the federal courts in habeas corpus proceedings, we are unable to reach the merits of the majority of his claims. This is especially troubling to the Court in the instant case, where Guyton's counsel, Mr. Zaslavsky, waived DNA testing which could have established Guyton's innocence. Nevertheless, we are constrained by the AEDPA and we cannot find that Guyton has made a sufficient showing of cause and prejudice or that he has established that his case falls within the rare and extraordinary fundamental miscarriage of justice exception. *See Schlup*, 513 U.S. at 321. Furthermore, while we believe that the performance of Guyton's counsel was "less than stellar," we are forced to conclude that it was "sufficient to ensure a fair adjudication of [Guyton's] guilt and sentence." *See, e.g., Todd v. Schomig*, 283 F.3d 842, 850-51 (7th Cir. 2002).

Accordingly, for the foregoing reasons, Bruce Guyton's petition for a writ of habeas corpus is denied. (R. 1-1.) The Clerk of the Court is instructed to enter judgment, pursuant to Federal Rule of Civil Procedure 58, in favor of Respondent Walls and against Petitioner Guyton.

**ENTERED:**

**Judge Ruben Castillo**
**United States District Court**

**Dated: May 16, 2002**

20